UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ADRIENNE SOUTHGATE :
*Plaintiff*, :
:
vs. : C.A. No. 06-500 ML
:
VERMONT MUTUAL :
INSURANCE COMPANY, :
*Defendant*. :

**PLAINTIFF'S PRE-TRIAL CONFERENCE STATEMENT**

Plaintiff, ADRIENNE SOUTHGATE ("Southgate"), submits the following Pre-Trial Conference Statement pursuant to the Court's January 11, 2007 Notice of the Pre-trial Conference in the above matter scheduled for February 7, 2007.

**I. Introduction**

This is an action for breach of contract and bad faith seeking consequential and punitive damages as well as attorneys' fees as a result of defendant VERMONT MUTUAL INSURANCE COMPANY's ("Vermont Mutual's"), bad faith refusal to pay Southgate's valid claim under a homeowner's insurance policy.

**II. Undisputed Facts**

1. In November of 2005 Southgate obtained a homeowners' insurance policy from Vermont Mutual covering premises she owns at 22 Rosedale Avenue in Barrington, Rhode Island (the "Premises"). A copy of Vermont Mutual's policy (the "Policy") is attached as Exhibit 1 to Southgate's Verified Complaint (the "Complaint").

2. On or about August 31, 2006 Southgate discovered certain mold damage at the Premises when it was called to her attention by a laborer whom she had engaged to replace certain wall-to-wall carpeting in the Premises. At the time the mold damage was discovered, and at all times relevant to the claims contained in this Complaint, the Policy was effective and constituted a binding contract between Southgate and Vermont Mutual.

3. Southgate promptly informed Vermont Mutual of the mold damage and made a claim for its remediation and for the loss of use of the Premises. Southgate also made the Premises available for inspection by Vermont Mutual and on or about September 6, 2006, an

employee of a local insurance adjusting firm retained by Vermont Mutual - Pelletier & Rourke, Inc. - inspected the Premises, questioned Southgate and took photographs of the Premises and the mold damage.

4. On September 12, 2006, Vermont Mutual's insurance adjusters wrote Southgate to inform her that her claim had been denied, citing a so-called water damage exclusion appearing at pages 7 and 8 of the Policy which allegedly excluded "loss caused directly or indirectly by surface water or water below the surface of the ground, including water which seeps or leaks through a building." (See Exhibit 2 to the Complaint).

5. On October 2, 2006, Southgate wrote Vermont Mutual's adjusting firm to call its attention to the so-called "Limited Fungi, Wet or Dry Rot or Bacteria Coverage Endorsement" (the "Mold Endorsement"), which was part of the Policy and which expressly covered damage caused by "seepage or leakage of water or the presence or condensation of humidity, moisture or vapor" when the "resulting damage is unknown to all 'insureds' and is hidden within the walls or ceilings or beneath the floors or above the ceilings of a structure." See Exhibit 3 to the Complaint at 1, citing Policy (Exhibit 1), Limited Fungi, Wet or Dry Rot or Bacteria Coverage Endorsement (HO 04-32 05 02) at page 2, adding ¶ 2.e.(9) to Section I, Perils Insured Against. Southgate also requested that Vermont Mutual provide her with the specific facts which led it to conclude that the mold damage in question was not covered under the Policy.

6. On October 11, 2006, Southgate - after having provided Vermont Mutual with three estimates to remediate the problem - remediated the problem at a cost of approximately $5,500.

7 On October 16, 2006, Vermont Mutual's attorney claimed that since "the origin of the water in [Southgate's] realty was through the entering of surface water or water below the surface of the ground," see Exhibit 6 to the Complaint at 3, the mold damage was excluded under the Section I water exclusion that had been cited earlier. Id. at 2. Vermont Mutual also cited (for the first time) so-called anti-concurrent language in the Policy which, it claimed, "trumps paragraph 2e(9) of the [Mold] endorsement. See id. at 3.

8. On October 23, 2006, Southgate wrote back to inform Vermont Mutual that:

(a) the exclusion it relied upon had in fact been deleted from the Policy by a so-called "Homeowners Coverage Enhancement Amendment." See Policy (Exhibit 1), Homeowners Coverage Enhancement Amendment, ¶4 at 2 of 3;

(b) the plain language of the Mold Amendment provided that "seepage or leakage of water" which causes mold damage is in fact covered provided it is unknown to the insureds and hidden, which was exactly the case here; and

(c) the inference in its October 16 letter that the visible pooling of water in the front and rear yards during heavy rain was in any way related to the mold damage was simply unfounded. See Exhibit 7 at 3-4.

## III. LEGAL ISSUES

1. Was the mold damage sustained by Southgate at the Premises covered by the Policy?

2. If so, was Vermont Mutual's denial of coverage a breach of its insurance contract with Southgate?

3. If so, was the breach of contract evidence of Vermont Mutual's bad faith within the meaning of RIGL § 9-1-33?

Plaintiff,
ADRIENNE SOUTHGATE,
By her attorney,

Anthony F. Cottone, #3922
55 Dorrance Street
Suite 400
Providence, RI 02903
Tel: (401) 578-5696
Fax: (401) 861-2922
cottonelaw@cox.net

## Certification

I hereby certify that a true and accurate copy of the above Pre-Trial Conference Statement was sent by electronic (HINES-CORRIGAN@CONVERSENT.NET) and first class, mail, postage pre-paid, to John G. Hines, Esq., HINES AND CORRIGAN, INC., One James P. Murphy Highway, West Warwick, RI 02893 on this 30th day of January, 2007.