UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ADRIENNE SOUTHGATE<br>*Plaintiff,* | : | |
| | : | |
| vs. | : | C.A. No. 06-500 ML |
| | : | |
| VERMONT MUTUAL<br>INSURANCE COMPANY,<br>*Defendant.* | :<br>:<br>: | |

# FIRST AMENDED VERIFIED COMPLAINT

## I. Introduction

This is an action for consequential and punitive damages stemming from Defendant's bad faith refusal to pay Plaintiff's valid claim under her homeowner's insurance policy.

## II. Parties, Jurisdiction and Venue

1. Plaintiff, ADRIENNE SOUTHGATE ("Southgate"), currently resides at 34 Lennon Street in Providence, Rhode Island.

2. Defendant, VERMONT MUTUAL INSURANCE COMPANY ("Vermont Mutual"), is a Vermont corporation. Upon information and belief, Vermont Mutual's principal place of business is in Montpelier, Vermont, and it is and was at all relevant times licensed by the State of Rhode Island to issue various policies of insurance within Rhode Island, including homeowners' policies of the type at issue.

3. The jurisdiction of this Court is invoked under 28 U.S.C. § 1332 as Southgate and Vermont Mutual are citizens of different states and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs. Venue is proper under 28 U.S.C. § 1391.

## III. Facts

4. In November of 2005 Southgate obtained a homeowners' insurance policy from Vermont Mutual covering premises she owns at 22 Rosedale Avenue in Barrington, Rhode Island (the "Premises"). A copy of Vermont Mutual's policy (the "Policy") is attached as Exhibit 1.

5. On or about August 31, 2006 Southgate discovered certain mold damage at the Premises when it was called to her attention by a laborer whom she had engaged to replace certain wall-to-wall carpeting in the Premises. At the time the mold damage was discovered, and at all times relevant to the claims contained in this Complaint, the Policy was effective and constituted a binding contract between Southgate and Vermont Mutual.

6. Southgate promptly informed Vermont Mutual of the mold damage and made a claim for its remediation and for the loss of use of the Premises. Southgate also made the Premises available for inspection by Vermont Mutual.

7. On or about September 6, 2006, an employee of a local insurance adjusting firm retained by Vermont Mutual - Pelletier & Rourke, Inc. - inspected the Premises, questioned Southgate and took photographs of the Premises and the mold damage.

8. On September 12, 2006, Vermont Mutual's insurance adjusters wrote Southgate to inform her that her claim had been denied, citing a so-called water damage exclusion appearing at pages 7 and 8 of the Policy which allegedly excluded "loss caused directly or indirectly by surface water or water below the surface of the ground, including water which seeps or leaks through a building." See Exhibit 2.

9. On October 2, 2006, Southgate wrote Vermont Mutual's adjusting firm to call its attention to the so-called "Limited Fungi, Wet or Dry Rot or Bacteria Coverage Endorsement"

(the "Mold Endorsement"), which was part of the Policy and which expressly covered damage caused by "seepage or leakage of water or the presence or condensation of humidity, moisture or vapor" when the "resulting damage is unknown to all 'insureds' and is hidden within the walls or ceilings or beneath the floors or above the ceilings of a structure." See Exhibit 3 at 1, citing Policy (Exhibit 1), Limited Fungi, Wet or Dry Rot or Bacteria Coverage Endorsement (HO 04-32 05 02) at page 2, adding ¶ 2.e.(9) to Section I, Perils Insured Against. Southgate also requested that Vermont Mutual provide her with the specific facts which led it to conclude that the mold damage in question was not covered under the Policy. See Exhibit 3.

10. Southgate then provided Vermont Mutual with three estimates to remediate the problem and noted that time was of the essence as Southgate was losing the use of the Premises. See Exhibit 4.

11. On October 11, 2006, Southgate informed Vermont Mutual that it had retained Bash Cleaning & Mold Remediation Services of East Providence to remediate the mold problem, see Exhibit 5, and the problem was in fact promptly remediated at a cost of approximately $5,500.

12. On October 16, 2006, Vermont Mutual's attorney claimed that since, "the origin of the water in [Southgate's] realty was through the entering of surface water or water below the surface of the ground," see Exhibit 6 at 3, the mold damage was excluded under the Section I water exclusion that had been cited earlier. Id. at 2. Vermont Mutual also cited (for the first time) so-called anti-concurrent language in the Policy which, it claimed, "trumps paragraph 2e(9) of the [Mold] endorsement. See id. at 3.

13. On October 23, 2006, Southgate wrote back to inform Vermont Mutual that:

(a) the exclusion it relied upon had in fact been deleted from the Policy by a so-called "Homeowners Coverage Enhancement Amendment." See Policy (Exhibit 1), Homeowners Coverage Enhancement Amendment, ¶4 at 2 of 3;

(b) the plain language of the Mold Amendment provided that "seepage or leakage of water" which causes mold damage is in fact covered provided it is unknown to the insureds and hidden, which was exactly the case here; and

(c) the inference in its October 16 letter that the visible pooling of water in the front and rear yards during heavy rain was in any way related to the mold damage was simply unfounded. See Exhibit 7 at 3-4.

COUNT I - BREACH OF CONTRACT

14. Southgate repeats and realleges paragraphs 1 through 13, above, as if fully stated herein.

15. Vermont Mutual's failure to adequately investigate the loss sustained by Southgate and its denial of Southgate's claim under the Policy constitutes a breach of both the explicit terms of the Policy as well as of the implied duty of good faith and fair dealing which exists under the Policy.

WHEREFORE, Plaintiff ADRIENNE SOUTHGATE, demands:

1. an award of consequential damages in an amount to be proved at trial, plus interest;

2. an award of reasonable attorneys' fees and costs; and

3. such other and further relief as this Court deems just and proper.

COUNT II - BAD FAITH

16. Southgate repeats and realleges paragraphs 1 through 15, above, as if fully stated herein.

17. Vermont Mutual's failure to adequately investigate the loss sustained by Southgate and its refusal to pay her claim was done knowingly, intentionally, and with the purpose of discouraging, avoiding and/or avoiding its obligations under the Policy, all in violation of RIGL § 9-1-33 (1985 Reenactment).

WHEREFORE, Plaintiff, ADRIENNE SOUTHGATE, demands:

1. an award of consequential damages in an amount to be proved at trial, plus interest;
2. an award of punitive damages;
3. an award of reasonable attorneys' fees and costs; and
4. such other and further relief as this Court deems just and proper.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Being duly sworn, I hereby depose and say that I have read the above Verified Complaint on this ___ day of February, 2007, and that the facts stated therein I know to be true of my own personal knowledge.

[signature]
ADRIENNE SOUTHGATE

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

Carolyn M. Rangoni Notary Public
Notary Public
My Commission Expires: 3/5/2010

And by her attorney,

Anthony F. Cottone, #3922
55 Dorrance Street
Suite 400
Providence, RI 02903
Tel: (401) 578-5696
Fax: (401) 861-2922
cottonelaw@cox.net

**CERTIFICATION**

I hereby certify that a true and accurate copy of the above First Amended Verified Complaint was served electronically upon John G. Hines, Esq., at Hines-corrigan@conversent.net on this 8th day of March, 2007.