UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ADRIENNE SOUTHGATE

VS. C.A. NO. 06-500ML

VERMONT MUTUAL
INSURANCE COMPANY

ANSWER OF DEFENDANT VERMONT MUTUAL INSURANCE COMPANY
TO PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT

Now comes the Defendant, Vermont Mutual Insurance Company, and files this its Answer to the Plaintiff's First Amended Verified Complaint in the following form and fashion:

## I. Answer to Introduction

Defendant, Vermont Mutual denies any bad faith refusal to pay the Plaintiff's claim.

## II. Answer to Parties, Jurisdiction and Venue

1. As to the allegations contained in paragraph 1 of the Plaintiff's Complaint, Defendant neither admits nor denies the same for lack of knowledge and leaves the Plaintiff to her proof thereof.

2. As to the allegations contained in paragraph 2 of the Plaintiff's Complaint, Defendant admits the same.

3. As to the allegations contained in paragraph 3 of the Plaintiff's Complaint, Defendant admits that Southgate and Vermont are citizens of different States; as to all remaining allegations and averments contained in paragraph 3, Defendant denies the same.

## III. Answer to Facts

4. As to the allegations contained in paragraph 4 of the Plaintiff's Complaint, Defendant admits the issuance of a policy of insurance; Defendant relies upon the policy itself as the best evidence of the terms, conditions, stipulations, limitations and coverages therein and accordingly leaves the plaintiff to her proof thereof.

5. As to the allegations contained in paragraph 5 of the Plaintiff's Complaint, Defendant admits that the policy issued by Vermont Mutual to the Plaintiff was effective as of August 31, 2006; as to all remaining allegations and averments contained in paragraph 5 of the Plaintiff's Complaint, Defendant, Vermont Mutual, neither admits nor denies the same and leaves plaintiff to her proof.

6. As to the allegations contained in paragraph 6 of the Plaintiff's Complaint, Defendant admits the same.

7. As to the allegations contained in paragraph 7 of the Plaintiff's Complaint, Defendant admits the same.

8. As to the allegations contained in paragraph 8 of the Plaintiff's Complaint, Defendant admits that an independent adjusting firm, hired by Defendant wrote a letter to the Plaintiff dated September 12, 2005; Defendant asserts that the best evidence of the provisions of the letter is the letter itself.

9. As to the allegations contained in paragraph 9 of the Plaintiff's Complaint, Defendant admits that Southgate's representative wrote a letter of October 2, 2006 to the independent adjusting firm hired by Defendant; the best evidence of the terms and provisions of the letter is the letter itself.

10. As to the allegations contained in paragraph 10 of the Plaintiff's Complaint, Defendant admits the same.

11. As to the allegations contained in paragraph 11 of the Plaintiff's Complaint, Defendant admits the same.

12. As to the allegations contained in paragraph 12 of the Plaintiff's Complaint, Defendant admits the first sentence of paragraph 12; as to the second sentence of paragraph 12, Defendant denies the same.

13. As to the allegations contained in paragraph 13(a), 13(b) and 13(c) of the Plaintiff's Complaint, Defendant Vermont admits that it received a letter of October 23, 2006 from Southgate but asserts that the best evidence of the terms and substance of that letter is the letter itself and therefore leaves the plaintiff to her proof.

**Answer to Count I - Breach of Contract**

14. As to the allegations contained in paragraph 14 of the Plaintiff's Complaint, Defendant incorporates by reference all of its prior answers to all of the prior paragraphs as if set forth at full length within this its answer to Count I.

15. As to the allegations contained in paragraph 15 of the Plaintiff's Complaint, Defendant denies the same.

16. Defendant, Vermont Mutual, denies each and every allegation and averment contained in each and every paragraph of the Plaintiff's Complaint unless otherwise expressly admitted herein.

17. Defendant, Vermont Mutual, denies that the Plaintiff is entitled to judgment against

it for any reason or for any cause.

Wherefore, Defendant, Vermont Mutual Insurance Company, prays that the Plaintiff's Complaint be dismissed with prejudice, that judgment be entered in its favor and that it be awarded its costs.

**Answer as to Count II - Bad Faith**

18. As to the allegations contained in paragraph 16 of the Plaintiff's Complaint, Defendant incorporates by reference all of its prior answers to all of the prior paragraphs as if set forth at full length within this its answer to Count II.

19. As to the allegations contained in paragraph 17 of the Plaintiff's Complaint, Defendant denies the same.

20. Defendant, Vermont Mutual, denies each and every allegation and averment contained in each and every paragraph of the Plaintiff's Complaint unless otherwise expressly admitted herein.

21. Defendant, Vermont Mutual, denies that the Plaintiff is entitled to judgment against it for any reason or for any cause.

Wherefore, Defendant, Vermont Mutual Insurance Company, prays that the Plaintiff's Complaint be dismissed with prejudice, that judgment be entered in its favor and that it be awarded its costs.

Date: March 8, 2007

Defendant,
By its Attorneys,

/s/ John G. Hines (0576)
/s/ Robert P. Corrigan (4233)
Hines & Corrigan, Inc.
One James P. Murphy Highway
West Warwick, RI 02893
401-821-6266
401-821-6446 (fax)

FIRST AFFIRMATIVE DEFENSE

Without assuming the burden of proof by so doing, defendant asserts all available defenses pertaining to the applicability of policy exclusions.

SECOND AFFIRMATIVE DEFENSE

Without assuming the burden of proof by so doing, defendant asserts all available defenses pertaining to want of coverage.

THIRD AFFIRMATIVE DEFENSE

Without assuming the burden of proof by so doing, defendant asserts all available defenses pertaining to the cause and origin of the supposed loss(es).

Defendant,
By its Attorneys,

/s/ John G. Hines (0576)
/s/ Robert P. Corrigan (4233)
Hines & Corrigan, Inc.
One James P. Murphy Highway
West Warwick, RI 02893
401-821-6266
401-821-6446 (fax)

**Defendant demands a trial by jury and designates John G. Hines, Esquire as trial counsel.**

CERTIFICATION

I, the undersigned, certify that I forwarded by electronic email the within document to the following counsel fo record on the 8th day of March, 2007.

/s/ John G. Hines (0576)

Anthony F. Cottone, Esquire
55 Dorrance Street, Suite 400
Providence, RI 02903
cottonelaw@cox.net