UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ADRIENNE SOUTHGATE

VS. C.A. NO. 06-500ML

VERMONT MUTUAL
INSURANCE COMPANY

**DEFENDANT VERMONT MUTUAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT ON COUNT I - BREACH OF CONTRACT OF PLAINTIFF'S AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 56 ( c ), Defendant Vermont Mutual Insurance Company ("Vermont") respectfully moves this honorable court to enter summary judgment as a matter of law in favor of Vermont and against plaintiff on Count I - Breach of Contract of the plaintiff's complaint.

**INTRODUCTION**

Vermont is the sole defendant named in the plaintiff's Amended Complaint. The Amended Complaint contains two ( 2 ) counts against Vermont: Count I -Breach of Contract and Count II - Bad Faith. The within Motion for summary judgment is directed at Count I - Breach of Contract only.

Defendant Vermont had contracted with the plaintiff to provide insurance coverage to the plaintiff in the form of a homeowners policy insuring the premises owned by the plaintiff at 22 Rosedale Avenue, Barrington, RI (the premises). Plaintiff alleges to have discovered mold and dry rot and/or wet rot damage at the premises on or about August 31, 2006 while in the process of replacing wall-to-wall carpeting.

Plaintiff notified Vermont of the claim. In response, Vermont, through an adjuster, inspected the loss at the premises, photographed the site, spoke to the insured and completed his investigation on or about September 6, 2006. Based upon the investigation of the adjuster, Vermont denied the plaintiff's claim.

Vermont's claim adjuster determined that the premises were constructed upon a concrete slab which had its wall-to-wall carpeting removed at the time the loss was discovered. There was evidence of saturated areas in the wooden sub-floor and wet rot in the wooden sub-floor as well. The area of most pronounced wet rot was adjacent to the rear doorway which exits onto a cement patio. There were existing specks of mold on the doorframe and walls inside the home on the other side of the same cement patio.

Neither the inspection nor the reports of the plaintiff revealed any evidence of any roof leaks or plumbing leaks that may have caused or contributed to the damage alleged. The only discernable source of water infiltration was surface water entering at ground level where the masonry slab foundation met the exterior ground. There was also potential infiltration through the masonry slab foundation, however, the slab was not exposed to the adjuster's view at the time of the inspection.

Vermont's denial letter dated September 12, 2006 explained that the denial was based upon the fact that the "water, mold and rot damage was caused, in least in part, by the seepage of surface and/or subsurface water." Such causes of loss are not covered under the Vermont policy.

Count I one of the plaintiff's Amended Complaint alleges that Vermont failed to adequately investigate the loss and then denied the claim in breach of the existing insurance policy contract between the parties.

Plaintiff cannot succeed on her breach of contract action because it is undisputed, as a matter of fact, that infiltration of surface or sub-surface water caused or contributed to the damages claimed by the plaintiff under the policy.

Defendant further relies on the Memorandum of Law and Exhibits incorporated by reference hereto.

WHEREFORE, Defendant Vermont Mutual Insurance Company respectfully requests that this Honorable Court enter an order in favor of Defendant Vermont Mutual Insurance Company and against plaintiff Adrienne Southgate granting summary judgment in favor of Vermont and dismissing Count I of the Plaintiff's Amended Complaint, and awards Defendant Vermont such other relief the Court deems just and proper.

Defendant Vermont Mutual Insurance Company requests oral argument not to exceed one hour.

Defendant,
By its Attorneys,

/s/ John G. Hines (0576)
/s/ Robert P. Corrigan (4233)
Hines & Corrigan, Inc.
One James P. Murphy Highway
West Warwick, RI 02893
401-821-6266
401-821-6446 (fax)

DATED: September 13, 2007

**CERTIFICATION**

I, the undersigned, certify that I forwarded by electronic email the within document to the following counsel fo record on the 13 th day of September, 2007.

/s/ John G. Hines (0576)

Anthony F. Cottone, Esquire
55 Dorrance Street, Suite 400
Providence, RI 02903
cottonelaw@cox.net