Anthony F. Cottone
ATTORNEY AT LAW
55 Dorrance Street, Suite 400 · Providence, RI 02903

Admitted in Rhode Island,
Massachusetts, Connecticut
and New York

Tel: (401) 578-5696
Fax: (401) 861-2922
cottonelaw@cox.net

October 2, 2006

**By Fax (401) 421-7159**
**and First Class Mail**

Jeffrey A. Gorman, Adjuster
PELLETIER & ROURKE, INC.
245 Waterman Street, Suite 501
Providence, RI 02906-5215

Re: Vermont Mutual Insurance Company
Policy # HO 12296942
Insured: Adrienne Southgate
Adjuster's File #61105

Dear Mr. Gorman:

I represent Adrienne Southgate, the owner of 22 Rosedale Avenue in Barrington, Rhode Island, and the insured under the above-referenced policy of insurance issued by Vermont Mutual Insurance Company (hereinafter, the "Insured, "the "Policy" and "Vermont Mutual," respectively). As you know, the Insured sustained mold damage to her residence and had made a claim for the cost of remediation plus the loss of use of the premises.

By letter dated September 12, 2006, you informed the Insured that her claim for damages had been denied by Vermont Mutual because: "the information currently available is suggesting that the water, mold and rot damage was caused, at least in part, by the seepage of surface and/or subsurface water," referring to the "Exclusions" section of the Policy, and specifically, to Policy Exclusion Section 1(c) (1)-(3) at pages 7-8. In fact, Vermont Mutual's allegation notwithstanding, the type of damage sustained by the Insured is specifically contemplated by the Policy, which expressly covers damage caused by "seepage or leakage of water or the presence or condensation of humidity, moisture or vapor" when the "resulting damage is unknown to all 'insureds' and is hidden within the walls or ceilings or beneath the floors or above the ceilings of a structure." See Policy, Limited Fungi, Wet or Dry Rot or Bacteria Coverage Endorsement (HO 04-32 05 02) at page 2, adding ¶ 2.e.(9) to Section I, Perils Insured Against.

Exhibit 4

As the Rhode Island Supreme Court has noted, and as you no doubt are aware:

> [i]nsurers doing business in Rhode Island have an implied obligation to promptly and fully respond to their insured, to investigate a claim and to subject that claim to appropriate review. ***An insurer has a responsibility to assemble all the facts necessary for a fair and comprehensive investigation before it refuses to pay a claim and may not base a defense to bad faith on later acquired information.*** '[T]he insurance company cannot later seek to justify its denial [of an insured's claim] by gathering information which it should have had in the first place.' Lavoie, 505 So.2d at 1053.

See Skaling v. Aetna Ins. Co., 799 A.2d 997, 1010-11 (R.I. 2002) (emphasis added).

Please provide the undersigned with the specific facts (rather than conclusions) which led Vermont Mutual to conclude that the damage forming the basis of the Insured's claim was subject to the cited exclusion and detail the nature, extent and time of the investigation undertaken by Vermont Mutual which led to this conclusion.

Although the Insured would rather not resort to the courts, it will be left with no choice unless the requested information is provided to the undersigned within seven (7) days.

Very truly yours,

Anthony F. Cottone

cc: Adrienne Southgate