UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ADRIENNE SOUTHGATE

VS. C.A. NO. 06-500ML

VERMONT MUTUAL
INSURANCE COMPANY

**DEFENDANT VERMONT MUTUAL INSURANCE COMPANY'S RESPONSES TO PLAINTIFF'S ADDITIONAL STATEMENT OF UNDISPUTED FACT**

Now comes the defendant Vermont Mutual Insurance Company and hereby files its responses to the plaintiff's "Additional Statements of Undisputed Fact" pursuant to Local Rule 56 (a) (4) in the following form and fashion:

**10.** Gorman frankly admitted at his deposition that he did not follow-up in any way with respect to the mold he observed at the Premises, necessarily confining his conclusion as to causation to one specific floor area near a door where the sub-flooring had rotted, see Gorman Depo. at 28-31; Gorman's Report at 203, which Gorman frankly admitted could have been caused by *either* surface or sub-surface water; he was not sure which. See id. at 35.

**Response:** Denied as to the portion of the statement "necessarily confining his conclusion as to causation to one specific floor area near a door where the sub-flooring had rotted..." see Exhibit "C" to Defendant's Memorandum of Law in Support of Motion for Summary Judgment, Gorman deposition Vol. I, pp. 28-31.

**13.** The water exclusion language quoted by Gorman in his proposed declination letter was not even a part of the Policy, having been expressly "deleted and replaced by the following"

3. Water damage, meaning:
   a. Flood surface water, waves, tidal water, overflow of a body or water, or spray from any of these, whether or not driven by wind; or
   b. Water below the surface of the ground, including water which exerts pressure on or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.

See, Policy at 22 (VM_CEA 3/99 Page 2 of 3, Section 4).

**Response:** Denied. The same language was included in a new format in the endorsement. see Exhibit "A" to Defendant's Memorandum of Law in Support of Motion For Summary Judgment, Vermont Policy, pp. 7-8 of form H115 (4-91) compare to endorsement VM-CEA 3/99 p. 2 of 3.

**14.** In the declination letter actually sent to Southgate, Vermont Mutual: (a) removed the language from the Mold Endorsement which had originally been included by Gorman; but nonetheless (b) included and relied upon the erroneously-quoted water exclusion language that had been expressly "deleted and replaced". See September 12, 2007 Declination Letter.

**Response:** Denied. The same language was included in a new format in the endorsement. Exhibit "A" to Defendant's Memorandum of Law in Support of Motion For Summary Judgment, Vermont Policy, pp. 7-8 of form H115 (4-91) compare to endorsement VM-CEA 3/99 p. 2 of 3.

**19.** Vermont Mutual's attorney also cited (*for the first time*) so-called anti-concurrent language in the Policy which, it claimed, "trumps paragraph 2e(9) of the [mold] endorsement. See id. at 3.

**Response:** Denied. The "so-called anti-concurrent language" is cited in Gorman's denial letter. see Exhibit "D" to Defendant's Memorandum of Law in Support of Motion For Summary Judgment, Vermont Denial Letter (dated September 12, 2006) p. 1.

**20.** On October 23, 2006, Southgate wrote back to inform Vermont Mutual that:

(1) the exclusion it relied upon had in fact been deleted from the Policy by a so-called "Homeowners Coverage Enhancement Amendment" (see the Policy, attached as Exhibit 2 to the Gorman Depo., at 22 (VM_CEA 3/99 Page 2 of 3, Section 4); and

(2) the plain language of the Mold Endorsement provided that "seepage or leakage of water" which causes mold damage is in fact covered provided it is unknown to the insureds and hidden, which was exactly the case here; and

(3) the inference in counsel's October 16 letter that the visible pooling of water in the front and rear yards during heavy rain was in any way related to the mold damage was simply unfounded.

**Response:** (1) Admitted.
(2) Admitted, that that is plaintiff's contention only and is not defendant's contention.
(3) Denied. Argument, not a statement of undisputed fact.

**21.** Neither Gorman nor Michael Brown possessed the qualifications or had done the testing necessary to come to any conclusion as to the cause of the mold damage.

**Response:** Denied as to Gorman; admitted as to Brown. see Exhibit "C" to Defendant's Memorandum of Law in Support of Motion For Summary Judgment, Gorman deposition Vol. I, pp. 7-10.

**22.** Gorman frankly admitted that he was "not an expert in mold," Gorman Depo. II at 17, and therefore it would be necessary for Vermont Mutual to hire such an expert, *which was not done here*. Id. at 17-18.

**Response:** Admitted that Gorman was not an "expert in mold"; Denied that it would be necessary for Vermont to hire such an expert. see Exhibit "C" to Defendant's Memorandum of Law in Support of Motion For Summary Judgment, Gorman deposition Vol. I, pp. 7-10.

Defendant,
By its Attorneys,

/s/ John G. Hines (0576)
/s/ Robert P. Corrigan (4233)
Hines & Corrigan, Inc.
One James P. Murphy Highway
West Warwick, RI 02893
401-821-6266
401-821-6446 (fax)

**CERTIFICATION**

I, the undersigned, certify that I forwarded by electronic email the within document to the following counsel fo record on the 28th day of November, 2007.

/s/ John G. Hines (0576)

Anthony F. Cottone, Esquire
55 Dorrance Street, Suite 400
Providence, RI 02903
cottonelaw@cox.net